UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

YIDI XUE,

        Petitioner,

           v.

TODD BLANCHE, et al.,

        Respondents.

CAUSE NO. 3:26-CV-545-CCB-SJF

## **OPINION AND ORDER**

Immigration detainee Yidi Xue, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition, and Xue has filed a reply. ECF 6, ECF 7. The petition is ready to be decided.

## BACKGROUND

Xue is a Chinese citizen who entered the United States in 1999. ECF 6-1 at 1-3. He sought asylum upon his entry and again in 2004. *Id.* On July 6, 2005, an immigration judge ordered him removed, and the Board of Immigration Appeals dismissed the related appeal on November 30, 2006. *Id.* Immigration and Customs Enforcement (ICE) detained Xue following a conviction for driving under the influence in December 2008. ECF 6-3. On May 11, 2008, ICE released Xue on an Order of Supervision due to the inability to obtain travel documents from China. *Id.* On August 22, 2025, Xue pled guilty to unlawful possession of a weapon. *Id.* On September 30, 2025, ICE detained him again, and he is currently held at the Miami Correctional Facility. *Id.*

According to the petition, Xue unsuccessfully requested for travel documents from China on October 30, 2025, March 5, 2026, and March 20, 2026. ECF 1 at 15. He also references the historical reluctance of China to cooperate with the government's removal efforts, particularly those involving individuals who have sought political asylum. *Id.* at 12. The respondents rely on an affidavit in which an ICE official attests that the government has prepared a request for travel documents and is attempting to secure a travel document from China. ECF 7-3. The respondents also submitted correspondence indicating that request for travel documents was submitted to China on April 2, 2026. ECF 7-2.

<u>SUBJECT MATTER JURISDICTION</u>

The respondents first argue that the court lacks subject matter jurisdiction over Xue's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondents first argue that Xue's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention

2

pending execution of a removal order. However, beyond the "removal period,"[1] which for Xue ended nearly two decades ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Xue has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

3

To start, the respondents identify China as the only country under consideration for removal. The government was unable to remove him to China immediately following the removal order in 2006 and also during a period of re-detention in 2009. Xue's current period of detention now spans eight months during which he has unsuccessfully requested travel documents from China three times. He also references the historical reluctance of China to cooperate with efforts to remove those like Xue who have sought asylum. The court finds that this showing constitutes good reason to believe that there is no significant likelihood of Xue's removal to China in the reasonably foreseeable future.

To rebut this showing, the respondents offer an attestation that the government is currently working to remove Xue to China and also offer an application for travel documents submitted on April 2, 2026. This showing does not persuade the court that Xue's removal is likely to occur within the reasonably foreseeable future. It does not explain why the current effort will be successful given that China has recently refused to issue travel documents to Xue three times, given the inability to remove Xue to China during past periods of detention, and given China's historical reluctance to cooperate with removal efforts. It also provides no insight into when China might respond to the most recent request or the likelihood that China will issue travel documents in response to it. Consequently, the court finds that the respondents have not adequately demonstrated that Xue's removal to China is reasonably foreseeable. Therefore, the respondents must release Xue.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondent to release Yidi Xue on the same conditions of supervised release and to certify compliance with this order by filing a notice with the court by **May 29, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on May 27, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5